IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

WILLIAM CECIL BAXTER,

    Plaintiff,

vs.                                      Case No. 4:09cv74-SPM/WCS

CLIFFORD ADAM, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner proceeding *pro se*, filed a motion for summary judgment. Doc. 67. The basis for this motion is Plaintiff's assertion that Defendant Rick Coleman is in default and had failed to response to Plaintiff's second amended complaint. Doc. 67.

Service was returned executed on Defendant Coleman, doc. 58, indicating Defendant Coleman was served with process on December 4, 2009. The executed summons was entered on the docket on December 14, 2009. Doc. 58. No response was ever received from him. Thus, I entered an order to show cause on April 19, 2010, concerning Defendant's default, and also ordered Defendant Coleman to show good

cause as to why he should not be made to pay the costs of personal service ($85.00) by the United States Marshals Service. Doc. 77.

Defendant Coleman filed an Answer on May 4, 2010. Doc. 80. The Defendant also responded to the show cause order. Doc. 81. Defendant notes that the process receipt on the docket advises that the United States Marshal Service personally served the summons and complaint on the Defendant at a confidential address. *See* doc. 58. Defendant states he "has no memory of receiving personal service on or about this date." Doc. 81, p. 3. However, Defendant "distinctly remembers being served by the United States Marshal Service on January 4 or 5, 2010, at" a different location that what had been filed by the Department of Corrections as his work address. *Id.*, at 3-4, *citing* doc. 43. Due to a business merger or integration, Defendant states that "confusion arose as to whether the complaint was personal or professional, and whether it should be communicated to past or current owners and/or past or current insurance carriers." *Id.*, at 4. Defendant asserts that there was no willful intention in failing to respond to the complaint. *Id.*, at 5.

Defendant also states that when service was redirected with the address provided by the Department of Corrections, he was not provided with an opportunity to waive personal service. Doc. 81, pp. 5-6. Thus, considering that fact along with the confusion over processing the complaint, Defendant requests that he not be made to pay the costs of personal service and provide him with an opportunity to waive personal service. *Id.*, at 6.

Whether Defendant Coleman was served at the Orange Park facility or at the address in Mt. Dora, the Defendant was served with process. Whether Defendant

Coleman was served as reflected by the Marshal's return of service on December 4, 2009, or on January 4th or 5th, 2010, Defendant did not file a response to the complaint that he did, admittedly, receive.[1]  There is no need to again serve the Defendant with documents he already received.  It would be a waste of resources to prepare new copies and mail them.  It is also appropriate to require Defendant Coleman to pay the cost of service.  Those costs could be appropriately waived had the argument been timely made after receipt of the complaint, yet Defendant took no action to defend against the claim at all until *sua sponte* efforts were made to involve the Defendant in his own defense.  Defendant Coleman should be required to submit $85.00 to the United States Marshals Service pursuant to FED. R. CIV. P. 4(d).

As the Defendant has now filed an Answer to the amended complaint, doc. 80, Plaintiff's motion for summary judgment, doc. 67, should be denied.  The actual basis for Plaintiff's motion is more akin to a motion for default judgment.  Plaintiff notes that Defendant Coleman is technically in default.  *Id.*, at 2.  Defendant Coleman should have the opportunity to defend the claims brought by Plaintiff.  Thus, Plaintiff's motion for summary judgment should be denied.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion for summary judgment against Defendant Coleman, doc. 67, be **DENIED** because the Defendant has now entered an appearance and filed an Answer; that Defendant

---

[1] Considering the fact that the executed summons was entered on the docket on December 14, 2009, doc. 58, it would be highly unlikely that service occurred two weeks later, on an uncertain date in early January, 2010.

Case No. 4:09cv74-SPM/WCS

Coleman be **ORDERED** to pay the United States Marshals Service $85.00 for the cost of personal service; and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on May 10, 2010.

     s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**