**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**WILLIAM CECIL BAXTER,**

    **Plaintiff,**

**vs.**                                                 **Case No. 4:09cv74-SPM/WCS**

**CLIFFORD ADAM, et al.,**

    **Defendants.**

_____/

**THIRD REPORT AND RECOMMENDATION**

Plaintiff, a *pro se* inmate, has filed a motion requesting a court order which requires the Department of Corrections to "make an appearance on behalf of the unserved Defendant (John Doe) as well as Defendants (Franklin), and (Bennett-Blake) in their official capacity." Doc. 88. In the alternative, Plaintiff requests leave to amend his complaint to include the Florida Department of Corrections for the injunctive relief he seeks. *Id.*

Plaintiff's motion is deficient and should not have been filed because Plaintiff did not include a certificate of service. Nevertheless, because Plaintiff *might* have assumed that the certificate of service attached to his objections, doc. 87, which was mailed on

the same day was sufficient, the motion will be addressed. Defendants have notice of Plaintiff's motion by virtue of this report and recommendation.

Plaintiff's second amended complaint, doc. 21, named as Defendants: Clifford Adam, John Doe Intake Officer, Desire Bennett-Blake, Kim Clark, Nurse A. Franklin, Howard McClunney, and Rick Coleman. Plaintiff stated on page one of the complaint that each Defendant was "sued individually and in his/her official capacity." Doc. 21, p. 1. Service was directed in August, 2009, doc. 28, as to the six named Defendants,[1] and Plaintiff was advised that he should "use discovery to determine the identity of the John Doe Defendant, but until that time, service [could not] be carried out." Doc. 23. There is no evidence that Plaintiff has obtained the name of the John Doe Defendant and, thus, service cannot be directed. The Department of Corrections cannot be ordered to make an appearance on behalf of an unknown person. The motion should be denied as to this ground.

In the report and recommendation entered on May 10, 2010, I found that only two claims survived against two Defendants (Bennett-Blake and Franklin), and noted that the remaining Defendants could not provide the injunctive relief Plaintiff sought. Doc. 85, p. 45. Further, Plaintiff did not seek injunctive relief from those Defendants of the type of relief he is now requesting.

Plaintiff's surviving claims are limited to delay in medical care, allegedly causing him unnecessary pain and suffering. If Plaintiff is entitled to any relief, should the report and recommendation be adopted, and should judgment eventually be entered in

---

[1] When service could not be carried out on Defendant McClunney, Plaintiff voluntarily dismissed his claims against him. *See* docs. 68, 71. Defendant Coleman has just recently entered an appearance in this case. *See* docs. 80, 84.

Plaintiff's favor on these surviving claims, Plaintiff would be entitled to compensatory damages but not injunctive relief. The events upon which these limited claims arise are long past. Even more, Plaintiff has not shown that when he ultimately received the last pair of boots, which he said "felt great," are not sufficient to meet his medical needs or that, more importantly, he has since requested additional boots and those requests have been denied. Plaintiff's motion to include the Department of Corrections in this case for injunctive relief should be denied for all the reasons state above.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion for good cause, doc. 88, be **DENIED** and the case be **REMANDED** to me for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on May 25, 2010.


s/ William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**