UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

WILLIAM CECIL BAXTER,

    Plaintiff,

v.                                                   CASE NO.: 4:09-cv-74-SPM-WCS

CLIFFORD ADAM, et al.,

    Defendants.

_____/

## ORDER ADOPTING REPORTS AND RECOMMENDATIONS

THIS CAUSE comes before the Court for consideration of the Magistrate Judge's three Reports and Recommendations (docs. 84, 85, 89). The Parties have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). Plaintiff filed objections to the second and third Reports and Recommendations (docs. 87, 94), and Defendants Bennet-Blake and Franklin filed an objection to the second Report and Recommendation (doc. 91). Pursuant to Title 28, United States Code, Section 636(b)(1), I have conducted a de novo review of the sections of the reports to which objections have been made. Despite the objections, I find that the all three Reports and Recommendations are correct and should be adopted.

Plaintiff objects that the Magistrate Judge erred in concluding that Plaintiff's claim against Defendant Bennett-Blake should be limited to Bennett-Blake's denial of a referral to the Brace Clinic on February 14, 2008. Plaintiff argues that the claim should also encompass the destruction of both a requisition form for an x-ray of Plaintiff's foot

and a requisition form for a consultation with an orthopedic specialist (doc. 87). However, such acts do not meet the deliberate indifference standard necessary to establish an Eighth Amendment violation for cruel and unusual punishment. In Estelle v. Gamble, 429 U.S. 97 (1976), the Supreme Court held that a "medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment." Without further evidence of deliberate indifference, Dr. Adam's decision to destroy requisition forms for an x-ray and outside consultation thereby constitutes a permissible medical judgment. Furthermore, Dr. Adam's decision cannot be imputed upon Defendant Bennett-Blake without evidence suggesting that Bennett-Blake is responsible for Dr. Adam's alleged deliberate indifference.

Plaintiff further contends that Defendant Bennett-Blake's statements to Dr. Adam on February 14, 2008 "caused a delay in treatment as well as a biased opinion from Dr. Adam" (doc. 87). The Magistrate Judge's second Report and Recommendation acknowledges that Defendant Bennett-Blake caused a delay in Plaintiff's treatment by failing to initiate a request to send Plaintiff to the Brace Clinic on February 14, 2008 (doc. 85). Plaintiff's claim against Defendant Bennett-Blake should not be expanded due to this objection, as the Magistrate Judge's Report and Recommendation already states that summary judgment should be denied as to the claim for delay in medical treatment. Additionally, there is no evidence that shows that Defendant Bennett-Blake is responsible for Dr. Adam's alleged biased opinion. Consequently, Plaintiff's objections do not support expanding Plaintiff's claim against Defendant Bennett-Blake.

Finally, Plaintiff's objection to Defendant Bennett-Blake's use of the word "distress" in response to Plaintiff's complaint is without effect (doc. 87). Whether

Defendant Bennett-Blake described Plaintiff as being in distress or that it was "evident [that] Plaintiff was in agony and worrying about his medical condition and the constant denial, delay, and [evasion] of a treatment regime including pain medication [that] has caused him extreme suffering," Plaintiff's claim remains limited to Defendant Bennett-Blake's delay when viewing the pleadings in a light most favorable to Plaintiff (doc. 87).

Defendants object to the Second Report and Recommendation, which recommends that the Defendants' Motion for Summary Judgment (doc. 61) be granted as to all counts, except as to the claim against Bennett-Blake regarding a denial of a referral to the Brace Clinic and the claim against Franklin regarding the denial of Ibuprofen, a cane, and a no prolonged standing pass. As to these claims, the Court finds that genuine issues of material fact remain for trial.

Accordingly, it is hereby ORDERED AND ADJUDGED as follows:

1. The Magistrate Judge's Reports and Recommendations (docs. 84, 85, 89) are *adopted* and incorporated by reference into this order.

2. The Defendants' Motion for Summary Judgment (doc. 61) is granted as to all claims, except the claim against Bennett-Blake regarding a denial of a referral to the Brace Clinic and the claim against Franklin regarding the denial of Ibuprofen, a cane, and a no prolonged standing pass.

3. Plaintiff's Motion for Good Cause (doc. 88) is denied.

4. Plaintiff's Motion for Summary Judgment (doc. 67) is denied. Defendant Coleman is ordered to pay the United States Marshals Service $85.00 for the cost of personal service.

5. This case is remanded to the Magistrate Judge for further proceedings.

DONE AND ORDERED this <u>twenty-ninth</u> day of September, 2010.

*s/ Stephan P. Mickle*
Stephan P. Mickle
Chief United States District Judge